IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES E. CZEL,

                Petitioner,

vs.                                                            Civ. No. 04-1144 JCH/ACT

UNITED STATES OF AMERICA,

                Respondent.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Respondent's Motion to Dismiss or Alternatively Motion for Summary Judgment and to Enforce IRS Summons, filed November 23, 2004 **[Doc. No. 7]**. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well taken in part and will be denied in part.

**BACKGROUND**

This case arises out of an investigation being conducted by Carrie Gallegos, a duly commissioned Internal Revenue Service (IRS) agent in Albuquerque, New Mexico, to determine the tax liability of Petitioner James Czel ("Petitioner") for the years of 1998 through 2003. On September 22, 2004, as part of her investigation, Agent Gallegos served two IRS third-party recordkeeper summonses via certified mail upon Wells Fargo Bank for Petitioner's accounts and two such summonses via certified mail upon Bank of America for Petitioner's accounts. All summonses sought Petitioner's account information from 1998 through 2003. On September 22, 2004, Agent Gallegos also served copies of all four summonses via certified mail upon Petitioner.

1

The appearance date on all four summonses is October 15, 2004.  Each summons and its attachment describes with reasonable certainty the documents to be produced.  Agent Gallegos signed each summons.  Each summons complies with the time and place of appearance requirements contained in 26 U.S.C. Section 7609.  Agent Gallegos provided Petitioner with timely notice of each summons.

Petitioner filed a Petition to Quash service of the summonses on October 12, 2004 [Doc. No.1], and an Amended Petition to Quash the summonses on October 14, 2004 [Doc. No. 3].  Petitioner served the Amended Petition to Quash upon Agent Gallegos via regular mail, which Agent Gallegos received on October 18, 2004.

Prior to October 18, 2004, Agent Gallegos had received from Wells Fargo and Bank of America documents responsive to the summonses.  Agent Gallegos did not inspect these documents.  Rather, pending resolution of Petitioner's Amended Petition to Quash, Agent Gallegos sealed the documents and placed them in a secure, locked location.

## DISCUSSION

I.    <u>Motion to Enforce IRS Summons and Motion for Summary Judgment</u>.

The IRS, as the delegate of the Secretary of the Treasury, has the authority to inquire into the payment of taxes.  *See* 26 U.S.C. § 7601(a); *Reisman v. Caplin*, 375 U.S. 440, 445 (1964).  "All citizens of the United States are liable for income taxes."  *Cox v. Commissioner of Internal Revenue*, 96-2 U.S. Tax Cas. (CCH) P50,598  (10th Cir. 1996).  "For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability," the Secretary of the

Treasury is authorized, to "examine any books, papers, records, or other data which may be relevant or material."  26 U.S.C. § 7602(a).  The Secretary also is authorized "[t]o summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry."  *Id.*

The government maintains that the Court should enforce the summonses and grant summary judgment in its favor because the summons were proper and the Amended Petition to Quash does not have merit.  Under the standards set forth by the U.S. Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964), the government is entitled to enforcement of an IRS summons when it can present a prima facie case for enforcement and the taxpayer fails to offer sufficient facts demonstrating the existence of a defense to enforcement of the summons.

The government establishes a prima facie case for enforcement by demonstrating that (1) the investigation is being conducted for a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the material sought is not already within the government's possession, (4) the administrative steps required by the Internal Revenue Code and applicable regulations have been followed, and (5) no criminal referral regarding the taxpayer's case has been made to the Department of Justice.  *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978); *Powell*, 379 U.S. at 57-58.  The government's burden in meeting each of the *Powell* factors "is a slight one because the statute must be read broadly in order to ensure that the enforcement

powers of the IRS are not unduly restricted." *United States v. Balanced Fin. Management*, 769 F.2d 1440, 1443 (10th Cir. 1985). Further, "the requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." *Id.*

Once the government makes its prima facie showing, the taxpayer bears a "heavy" burden to refute the government's case. *Id.* Specifically, "'The taxpayer must establish any defenses or . . . prove that enforcement would constitute an abuse of the court's process. He must prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties. The taxpayer must do more than just produce evidence that would call into question the Government's prima facie case. The burden of proof in these contested areas rests squarely on the taxpayer." *Id.* (internal citations and quotations omitted). "It is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice.'" *Id.* (quoting *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 71 (3d Cir. 1979)). "'If at this stage the taxpayer cannot refute the government's prima facie *Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.'" *Id.* (quoting *Garden State*, 607 F.2d at 71).

The government, through the affidavit of Agent Gallegos, has demonstrated that the summonses were issued for a proper purpose--*i.e.*, to determine Petitioner's income tax liability for the years 1998 through 2003. The government, by affidavit, also has demonstrated that its

inquiry is relevant to the purpose of the investigation.[1]  In addition, the government, by affidavit,

has demonstrated that it complied with the specific requirements for the proper service of a

summons upon a third party contained in Sections 7603 and 7609 of the Internal Revenue Code.[2]

By affidavit, the government further has demonstrated that at the time the summonses were

issued, there was no criminal referral to the Department of Justice within the meaning of 26

U.S.C. Section 7602(d)(2) and the IRS was not delaying such a recommendation.

Although the government has established four of the *Powell* elements necessary to

establish its prima facie case, it has not, by affidavit, established the last element--*i.e.*, that the

material sought is not already in the government's possession.  In its memorandum of law and

supporting affidavit, the government focuses on the fact that the information sought is not within

its possession because Agent Gallegos sealed and locked the information received from Wells

Fargo Bank and Bank of America pursuant to the summonses issued.  The government, however,

does not indicate in its memorandum, or more importantly in its affidavit, that prior to receiving

---

[1] Specifically, the summonses seek Petitioner's open and closed account information from 1998 through 2003.  Agent Gallegos's affidavit indicates that Petitioner has not filed personal income tax returns for at least 1998 through 2003, Petitioner is not a W-2 employee, and the IRS has no record of 1099 forms issued by other businesses concerning Petitioner or his business(es). According to the affidavit, through a prior audit of Petitioner's employment taxes, the IRS learned that Bank of America would have records relevant to Petitioner and that Petitioner might be an account holder at Wells Fargo Bank.  Agent Gallegos indicated in her affidavit that obtaining information from the two banks is a last resort in the IRS's investigation to determine Petitioner's personal income tax liability.

[2] Specifically, attested copies of each summons were sent by certified mail to the summoned party.  Each summons and its attachment describes with reasonable certainty the documents to be produced, and Agent Gallegos signed each summons.  Each summons complies with the time and place of appearance requirements contained in 26 U.S.C. Section 7609.  Agent Gallegos provided Petitioner with timely notice of each summons.

the information from Wells Fargo and the Bank of America it did not have the documents in its possession.[3]  Accordingly, the government has not established a prima facie case entitling it to enforcement of the summonses.  The Court therefore denies the motion to enforce the summonses at this time.  The Court will grant the government an opportunity to refile its motion to enforce within fifteen (15) days from the date of this Memorandum Opinion and Order if the government can establish by affidavit that the information sought was not in the government's possession. The Court will defer ruling on the government's motion for summary judgment until, at a minimum, fifteen (15) days from the date of this Memorandum and Opinion and Order have elapsed.

II.     Motion to Dismiss.

The United States also argues that this Court should dismiss the Amended Petition to Quash Service of Third Party Administrative Summonses of Record [Doc. No. 3] pursuant to Federal Rule of Civil Procedure 12(b) because Petitioner failed to serve the United States properly.[4]  Petitioner concedes that he improperly served the United States, but maintains that his failure to do so should be excused.

Although a *pro se* plaintiff must "follow the same rules of procedure that govern other

_____

[3] Although the burden has not yet shifted to Petitioner because of the government's failure to set forth a prima facie case, the Court notes that Petitioner maintains (in his memorandum and not a separate affidavit) that the information sought was in the IRS's possession, and that he produced that information to Agent "Jason Harlan in the presence of AUSA Weisman during a prior action last year."

[4] Rule 12(b)(5) provides in relevant part that "insufficiency of service of process" shall constitute a defense to a claim for relief in any pleading.

litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940

(1993), the general rule with respect to improper service of process is that "when a court finds

that service is insufficient but curable, it generally should quash the service and give the plaintiff

an opportunity to re-serve the defendant," *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir.

1983).  Petitioner concedes that he failed to send a copy of his petition by certified or registered

mail, as required by 26 U.S.C. Section 7609(b)(2)(B), and that he instead served the Internal

Revenue Service by regular mail.  This defect in service, however, is not fatal to the merits of his

claim.  The Court therefore denies the government's Motion to Dismiss.  Instead, the Court

quashes the service of the Amended Petition to Quash and grants Petitioner fifteen (15) days from

the date of this Memorandum Opinion and Order properly to serve the government with the

Amended Petition to Quash.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Respondent's

Motion to Dismiss or Alternatively Motion for Summary Judgment and to Enforce IRS

Summons, filed November 23, 2004 **[Doc. No. 7]**, is hereby DENIED IN PART as follows:

1.      The government's Motion to Enforce IRS Summons **[Doc. No. 7-3]** is denied; the

government  shall have fifteen (15) days from the date of this Memorandum Opinion and Order to

refile a motion to enforce the summonses if it can demonstrate by affidavit that the material

sought in the summonses was not within the possession of the IRS prior to the receipt of the

documents from Wells Fargo Bank and Bank of America produced pursuant to the summonses;

2.      The Court defers its ruling on the government's Motion for Summary Judgment

7

**[Doc. No. 7-2]** for a minimum of fifteen (15) days from the date of this Memorandum Opinion and Order; and

3.      The government's Motion to Dismiss **[Doc. No. 7-1]** is denied; Petitioner's service of the Amended Petition to Quash is hereby quashed; Petitioner shall have fifteen (15) days from the date of this Memorandum Opinion and Order properly to serve the Amended Petition to Quash; if Petitioner does not serve properly the Amended Petition to Quash within fifteen (15) days, the Court will entertain a motion to dismiss the Amended Petition to Quash by the government on this ground.

Dated this 30th day of September 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE