## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES E. CZEL,

        Petitioner,

vs.                                                                                          Civ. No. 04-1144 JCH/ACT

UNITED STATES OF AMERICA,

        Respondent.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondent's Second Motion to Dismiss and to Enforce IRS Summonses, and Memorandum in Support, filed December 15, 2005 **[Doc. No. 17]** ("Second Motion to Enforce"), and Respondent's Motion for Summary Judgment, filed November 23, 2004 **[Doc. No. 7-2]**.  The Court having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motions are well taken and will be granted.

### BACKGROUND

This case arises out of an investigation being conducted by Carrie Gallegos, a duly commissioned Internal Revenue Service (IRS) agent in Albuquerque, New Mexico, to determine the tax liability of Petitioner James Czel ("Petitioner") for the years of 1998 through 2003.  On September 22, 2004, as part of her investigation, Agent Gallegos served two IRS third-party recordkeeper summonses via certified mail upon Wells Fargo Bank for Petitioner's accounts and two such summonses via certified mail upon Bank of America for Petitioner's accounts.  All summonses sought Petitioner's account information from 1998 through 2003.  On September 22,

2004, Agent Gallegos also served copies of all four summonses via certified mail upon Petitioner.

The appearance date on all four summonses is October 15, 2004. Each summons and its attachment describes with reasonable certainty the documents to be produced. Agent Gallegos signed each summons. Each summons complies with the time and place of appearance requirements contained in 26 U.S.C. Section 7609. Agent Gallegos provided Petitioner with timely notice of each summons.

Petitioner filed a Petition to Quash service of the summonses on October 12, 2004 [Doc. No.1], and an Amended Petition to Quash the summonses on October 14, 2004 [Doc. No. 3].

Prior to October 18, 2004, Agent Gallegos had received documents responsive to the summonses from Wells Fargo and Bank of America. Agent Gallegos, however, did not inspect these documents. Rather, pending resolution of Petitioner's Amended Petition to Quash, Agent Gallegos sealed the documents and placed them in a secure, locked location.

On September 30, 2004, the Court entered a Memorandum Opinion and Order denying the government's Motion to Enforce IRS Summons **[Doc. No. 7-3]**, but granting the government fifteen (15) days from the date of the Memorandum Opinion and Order to refile a motion to enforce the summonses if the government could demonstrate by affidavit that the material sought in the summonses was not within the possession of the IRS prior to the receipt of the documents from Wells Fargo Bank and Bank of America.

The government, misunderstanding the Court's Memorandum Opinion and Order, filed only a Second Declaration of Agent Gallegos within fifteen days of the Court's Order, *see* Certificate of Service and attached 2nd Declr. of Agent Gallegos, filed Oct. 14, 2005, and not a second motion to enforce the summonses. In the Second Declaration, Agent Gallegos attests to

the fact that the documents requested in the summonses were not in possession of the IRS prior to the receipt of the documents from Wells Fargo Bank and Bank of America.

The September 30, 2005, Memorandum Opinion and Order also denied the government's Motion to Dismiss **[Doc. No. 7-1]**, but quashed Petitioner's service of the Amended Petition to Quash.  The Court granted Petitioner fifteen (15) days from the date of the Memorandum Opinion and Order properly to serve the Amended Petition to Quash.  The Court indicated that if Petitioner did not serve properly the Amended Petition to Quash within fifteen (15) days, that the Court would entertain a motion to dismiss the Amended Petition to Quash by the government on this ground.

The September 30, 2005, Memorandum Opinion and Order deferred its ruling on the government's Motion for Summary Judgment **[Doc. No. 7-2]**.

On December 15, 2005, the government filed its Second Motion to Enforce.  On January 13, 2006, the government filed an Errata indicating that the Second Motion seeks only to enforce the IRS summonses and not to dismiss the Amended Petition to Quash.  Apparently, in October 2005, Petitioner properly reserved Plaintiff with the Amended Petition to Quash, and counsel for the government did not learn of that service until January 2006.

## DISCUSSION

I.    Motion to Enforce

The IRS, as the delegate of the Secretary of the Treasury, has the authority to inquire into the payment of taxes.  *See* 26 U.S.C. § 7601(a); *Reisman v. Caplin*, 375 U.S.3 440, 445 (1964). "All citizens of the United States are liable for income taxes." *Cox v. Commissioner of Internal Revenue*, 99 F.3d 1149 (10th Cir. 1996).  "For the purpose of ascertaining the correctness of any

return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability," the Secretary of the Treasury is authorized, to "examine any books, papers, records, or other data which may be relevant or material." 26 U.S.C. § 7602(a).  The Secretary also is authorized "[t]o summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry." *Id*.  Summons enforcement proceedings are summary in nature because they occur at the investigation or collection stage of the IRS's administrative proceedings.  *See United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981).

The government maintains that the Court should enforce the summonses because the government has met the standards set forth by the U.S. Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964), by establishing a prima facie case for enforcement, and Petitioner has failed, under *Powell*, to offer sufficient facts demonstrating the existence of a defense to enforcement of the summonses.  To establish a prima facie case for enforcement, the government must demonstrate that (1) the investigation is being conducted for a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the material sought is not already within the government's possession, (4) the administrative steps required by the Internal Revenue Code and applicable regulations have been followed, and (5) no criminal referral regarding the taxpayer's case has been made to the Department of Justice.  *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978); *Powell*, 379 U.S. at 57-58.  The government's burden in meeting each of the *Powell*

factors "is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *United States v. Balanced Fin. Management*, 769 F.2d 1440, 1443 (10th Cir. 1985).  Further, "the requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." *Id.*

Once the government makes its prima facie showing, the taxpayer bears a "heavy" burden to refute the government's case.  Specifically, "The taxpayer must 'establish any defenses or . . . prove that enforcement would constitute an abuse of the court's process.'  He must 'prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties.'  The taxpayer must do more than just produce evidence that would call into question the Government's prima facie case.  The burden of proof in these contested areas rests squarely on the taxpayer." *Id.* (internal citations omitted).  "It is clear that a taxpayer must factually oppose the Government's allegations by affidavit.  Legal conclusions or mere memoranda of law will not suffice.'" *Id.* (quoting *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 71 (3d Cir. 1979).  "'If at this stage the taxpayer cannot refute the government's prima facie Powell showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.'" *Id.* (quoting *Garden State*, 607 F.2d at 71).

Here, the government has set forth a prima facie case entitling it to enforcement of the summonses.  The government, by the affidavits of Agent Gallegos, has demonstrated that it issued the summonses for a proper purpose--*i.e.*, to determine Petitioner's income tax liability for the years 1998 through 2003.  The government, by affidavit, also has demonstrated that its issuance

of the summonses is relevant to the purpose of the investigation.[1]  The government, by affidavit, has demonstrated that the material sought was not already in the IRS's possession prior to Agent Gallegos's receipt of the information requested from Bank of America and Wells Fargo.  The government, by affidavit, has demonstrated that it complied with the specific requirements for the proper service of a summons upon a third party contained in Sections 7603 and 7609 of the Internal Revenue Code.[2]  Finally, the government, by affidavit, has demonstrated that at the time the summons were issued, there was no criminal referral to the Department of Justice within the meaning of 26 U.S.C. Section 7602(d)(2) and the IRS was not delaying such a recommendation.

In response, Petitioner must rebut the government's prima facie case by factually opposing the government's allegations by affidavit.  *See Balanced Fin. Management*, 769 F.2d at 1443.  Petitioner has not met his heavy burden.  Petitioner has not submitted an affidavit factually opposing the government's allegations, he has not established any defenses to the government's showing, he has not proved that enforcement would constitute an abuse of the Court's process, and he has not shown that the government is acting in bad faith.  *Cf. id.*  Instead, although legal

---

[1] Specifically, the summons seek Petitioner's open and closed account information from 1998 through 2003.  Petitioner has not filed personal income tax returns for at least 1998 through 2003.  Petitioner is not a W-2 employee, and the IRS has no record of 1099 forms issued by other businesses concerning Petition or his business(es).  Through a prior audit of Petitioner's employment taxes, the IRS learned that Bank of America Would have records relevant to Petitioner.  The IRS also learned that Petitioner might be an account holder at Wells Fargo bank.  Agent Gallegos indicated in her affidavit that obtaining information from the two banks is a last resort in the IRS's investigation to determine Petitioner's personal income tax liability.

[2] Specifically, attested copies of each summons were sent by certified mail to the summoned party.  Each summons and its attachment describes with reasonable certainty the documents to be produced, and Agent Gallegos signed each summons.  Each summons complies with the time and place of appearance requirements contained in 26 U.S.C. Section 7609.  Agent Gallegos provided Petitioner with timely notice of each summons.

conclusions or mere memoranda of law will not suffice to rebut the government's case, *id.*, Petitioner has provided this Court with legal conclusions, with the exception of one factual allegation, contained in a memorandum of law and not an affidavit.

Plaintiff's sole factual claim, and therefore most promising argument, is that the material sought already is in the possession of the IRS.  The Court notes, however, that Plaintiff fails to provide an affidavit attesting to this fact.  In addition, the Court notes that Agent Gallegos attests to the fact, in her Second Declaration, that the material sought was not in possession of IRS prior to the receipt of the documents from Wells Fargo and Bank of America.  Plaintiff's burden factually to oppose the government's prima facie showing that the materials are not in its possession is a heavy one.  Plaintiff's statements, not attested to in an affidavit, that the "material was given to and obtained by IRS agent Jason Harlan in the presence of AUSA Weisman during a prior action last year," is not sufficient to overcome Agent Gallegos's sworn affidavit stating that the statements are not in the IRS's possession.

In addition, Petitioner's legal conclusions do not rebut the government's prima facie case. For example, Petitioner argues that the government has not shown (1) that the IRS or Agent Gallegos has jurisdiction in this case or authority to issue a summons, (2) that Petitioner consented to Agent Gallegos obtaining information about him, (3) that a summons can apply to "anything other than excise tax matters," (4) that Petitioner is a "taxpayer" required to pay taxes, (5) that Petitioner had income, and (6) that Petitioner is not willing to pay taxes.  As the Supreme Court held in *Powell*, the Government is required only to show five elements to satisfy its prima facie case, and, as this Court already has held, the government has demonstrated these elements. It is Petitioner's burden, in response to the government's prima facie case, factually to establish a

defense to enforcement. Petitioner's legal conclusions do not satisfy his burden. Because the government has made a prima facie showing for enforcement, and Petitioner has not rebutted the government's case, the Court grants the government's motion for enforcement of the IRS summonses.

II.     Motion for Summary Judgment

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c) of the Federal Rules of Civil Procedure, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997). "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled

to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

In its Motion for Summary Judgment, the government maintains that the Court should grant summary judgment in its favor because, as a matter of law, the summonses were proper and the Amended Petition fails to state a claim upon which relief can be granted. The sole relief requested in the Petitioner's Amended Petition is to quash the summonses. The Court already has held that the summonses, based upon the facts set forth in the declarations of Agent Gallegos, are proper and should be enforced. Accordingly, the government has met its burden of "'showing'-- that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Allen*, 119 F.3d at 840 (quoting *Celotex Corp.*, 477 U.S. at 325). Petitioner, however, has not met his burden of "go[ing] beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Because there is no genuine factual dispute for trial and the government is entitled to judgment in its favor as a matter of law, the Court grants the government's motion for summary judgment.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that

(1)     Respondent's Second Motion to Enforce, filed December 15, 2005 **[Doc. No. 17]**, is hereby GRANTED;

(2)     Respondent's Motion for Summary Judgment, filed November 23, 2004 **[Doc. No. 7-2]**, is hereby GRANTED; and

(3) Petitioner's Amended Petition to Quash Service of Third Party Administrative Summons of Records is hereby dismissed in its entirety.

Dated this 18th day of January 2006.

                                         _____
                                         JUDITH C. HERRERA
                                         UNITED STATES DISTRICT JUDGE